Bradley G. Sims
Email: trustee@trusteesims.com
1344 Disc Dr #1138
Sparks, NV 89436
Phone: (775) 364-5505

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**EIRAM G. MAGONCIA**,<br><br>Debtor.<br>_____<br>Bradley G. Sims, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>TESLA, INC.; DOE Individuals 1-10; and ROE corporations 1-10,<br><br>Defendants. | Case No. 25-50999-HLB<br>Chapter 7<br><br><br>Adv. Proc. No. _____<br><br>**COMPLAINT FOR: (1) TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. §§ 541, 542); (2) DECLARATORY RELIEF; AND (3) INJUNCTIVE RELIEF**<br><br>Judge: Honorable Hilary L. Barnes [1] |

Plaintiff Bradley G. Sims, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), complains and alleges the following on information and belief against defendant TESLA, INC. (alternately, the "Defendant" or "Tesla"):

## I.    JURISDICTIONAL ALLEGATIONS

1.    This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

2.    This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules."

-1-

has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C § 1334 and because the issues raised in the action arise under Sections 541 and 542 of the Bankruptcy Code and relate to the Bankruptcy Case.

3. Venue is proper under 28 U.S.C. § 1409.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## II.    PARTIES

5. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 4 of the Complaint as though fully set forth herein.

6. On October 21, 2025, Plaintiff was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case and has served in that capacity since his appointment.

7. Upon information and belief, the Defendant is a corporation organized under the laws of the State of Delaware and does business in this District.

8. The true names, identities, or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.

## III.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10. On October 21, 2025 (the "Petition Date"), Eiram G. Magoncia (the "Debtor") filed a voluntary petition under Chapter 7.

11. As of the Petition Date, the Debtor held contractual rights arising from an offer of employment from Tesla dated September 11, 2025 (the "Employment Agreement").

12. Under the Employment Agreement and incorporated plan documents, Tesla agreed to provide the Debtor with $75,000 in compensation, electable in the form of: cash retention awards, stock options, or restricted stock units ("Equity Awards").

13. The Debtor's rights under the Employment Agreement existed pre-petition, although vesting and payment were conditioned on continued employment and future vesting dates.

14. The Employment Agreement and related award documents provide that: Tesla controls vesting and issuance; awards are non-transferable absent Tesla's compliance; and payments and equity issuances are made solely by Tesla.

15. The Trustee has determined that the Debtor's rights under the Employment Agreement constitute property of the estate under 11 U.S.C. § 541(a)(1), including contingent, unvested, and future interests traceable to pre-petition contracts.

16. Tesla is the sole entity capable of issuing, paying, or redirecting the subject compensation.

### IV.    FIRST CLAIM FOR RELIEF

**Turnover of Property of the Estate Pursuant to 11 U.S.C. §§541 and 542 – Against the Defendant**

17. Plaintiff incorporates and realleges paragraphs 1 through 16, as though fully set forth herein.

18. Section 541(a)(1) includes within the estate all legal and equitable interests of the debtor as of the commencement of the case, including contingent and unvested contractual rights.

19. The Debtor's rights under the Employment Agreement arose pre-petition and are therefore property of the estate.

20. Tesla is an "entity" within the meaning of 11 U.S.C. § 101(15) and is in possession, custody, or control of estate property by virtue of its exclusive authority to determine vesting, issuance, payment, and forfeiture of the subject compensation.

21. Section 542(a) requires any entity in possession, custody, or control of estate property to deliver such property, or its value, to the Trustee.

22. The subject compensation is not exempt and is of consequential value to the estate.

23. Tesla is obligated to turn over to the Trustee all estate property, including: vested and unvested awards traceable to pre-petition rights, any payments, equity, or proceeds issued post-petition pursuant to those rights.

### V. SECOND CLAIM FOR RELIEF

**Declaratory Relief**

24. Plaintiff incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. An actual controversy exists regarding the estate's interest in the Employment Agreement and related awards.

26. Plaintiff seeks a declaration that:
    a. the Debtor's rights under the Employment Agreement are property of the estate;
    b. Tesla is obligated to recognize the Trustee as the proper recipient of such property;
    c. Tesla must pay or issue such compensation to the bankruptcy estate when and if such compensation becomes payable or issuable under the Employment Agreement.

### VI. THIRD CLAIM FOR RELIEF

**Injunctive Relief**

27. Plaintiff incorporates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Absent injunctive relief, Tesla may issue estate property to the Debtor, resulting in irreparable harm and unnecessary dissipation.

29. The balance of equities favors injunctive relief, which merely preserves the status quo and enforces the Bankruptcy Code.

30. Plaintiff seeks an injunction prohibiting Tesla from:

    a. paying estate property to the Debtor;

    b. issuing equity awards to the Debtor;

    c. permitting elections inconsistent with the Trustee's rights.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Enter judgment requiring Tesla to turn over all estate property pursuant to 11 U.S.C. § 542;

2. Declare that the Employment Agreement and all compensation rights thereunder are property of the estate;

3. Enjoin Tesla from transferring or paying such property to the Debtor;

4. Award costs; and

5. Such other relief as the Court deems just and proper.

Dated this 14th day of January, 2026.

By: */s/ Bradley G. Sims*
Bradley G. Sims, Esq.
1344 Disc Dr #1138
Sparks, NV 89436
Phone: (775) 364-5505

*Chapter 7 Trustee*